IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| KASSANDRA ELEJARZA<br><br>Plaintiff,<br><br>v.<br><br>GOODLEAP, LLC, TRISMART SOLAR, LLC, CALEB PHILLIPS and VIVINT, LLC<br><br>Defendant. | Civil Action No. 7:25-cv-99 |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE**

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   The Rule 26(f) Conference was held via Teams on April 9, 2025 at 2:30PM CST. The parties and counsel present are listed below:

   a. Jason Palker of Palker Law Firm, PLLC on behalf of Plaintiff Kassandra Elejarza ("Plaintiff")

   b. Earl L. Ingle of Munsch Hardt Kopf & Harr, P.C. on behalf of GoodLeap, LLC ("GoodLeap")

   c. D. Joe Griffin of TriSMART Solar, LLC on behalf of TriSMART Solar, LLC ("TriSMART")

   d. Richard A. Stewart and Ha-Vi L. Nguyen of Frost Brown Todd LLP on behalf of Vivint, LLC ("Vivint") and Caleb Phillips ("Mr. Phillips")

1

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   None other than the civil action in state court which has been removed to this U.S. District Court.

3. Briefly describe what this case is about.

   Plaintiff allegedly agreed to the installation of a Residential Solar System after representations made by Mr. Phillips, a salesman of Vivint. Plaintiff alleges that based on representations made by Mr. Phillips and Vivint, she entered into a Solar Photovoltaic Agreement with TriSMART for the installation of the Residential Solar System. Plaintiff also entered into a Loan Agreement, Promissory Note, and UCC Financing Statement with GoodLeap. Plaintiff failed to pay for the financing of the Residential Solar System and GoodLeap filed a lien against her property pursuant to its Loan Agreement, Promissory Note, and UCC Financing Statement.

   Plaintiff alleges that she is a consumer under the Deceptive Trade Practices Act ("DTPA") and alleges violations of the DTPA against all Defendants. Plaintiff also alleges claims of breach of express and implied warranties against TriSMART. She also alleges breach of contract, fraud, fraud in the inducement, and conspiracy to commit civil fraud against all Defendants. Plaintiff alleges GoodLeap filed a fraudulent lien against her property, violated the consumer credit code violations, violated the Federal Truth in Lending Act ("TILA"), and additionally seeks a declaratory judgment to deem the UCC Financing Statement and Loan Agreement between Plaintiff and GoodLeap as void. Defendants have denied all of Plaintiff's allegations and asserted a number of applicable affirmative defenses to Plaintiff's claims.

4. Specify the allegation of federal jurisdiction.

   Plaintiff alleges that GoodLeap violated TILA and refers to 15 U.S.C. §§ 1601-1667f. GoodLeap timely removed this case based on those allegations.

   Plaintiff disputes that federal jurisdiction applies to this suit, where virtually all claims asserted against all Defendants involve no federal questions. Further, Defendants have filed motions to compel arbitration, casting further concerns about jurisdiction being appropriate in court at all, irrespective of whether that court is federal or state. Plaintiff anticipates filing a Motion to Remand this matter back to State Court (County Court at Law No. 7 of Hidalgo County, Texas) where this matter had already been pending for a year before being removed. Plaintiff will more fully brief on these issues in the Motion to Remand.

5. Name the parties who disagree and the reasons.

   Plaintiff disputes that federal jurisdiction applies to this suit, where virtually all claims asserted against all Defendants involve no federal questions. Further, Defendants have filed motions to compel arbitration, casting further concerns about jurisdiction being appropriate in court at all, irrespective of whether that court is federal or state. Plaintiff anticipates filing a Motion to Remand this matter back to State Court (County Court at Law No. 7 of Hidalgo County, Texas) where this matter had already been pending for a year before being removed. Plaintiff will more fully brief on these issues in the Motion to Remand.

   Defendants contend that federal jurisdiction is proper and the time for potential remand has already passed. Defendants do not waive any potential objection to Plaintiff's Motion to Remand.

   GoodLeap contends that, while federal question jurisdiction exists, Plaintiff's claims are subject to a binding arbitration agreement, and Plaintiff's claims should be compelled to arbitration.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   None at this time.

7. List anticipated interventions.

   None at this time.

8. Describe class-action issues.

   None at this time.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   The parties have not made their initial disclosures but it is agreed by all parties that Rule 26(a)(1) disclosures will be due for all parties on May 16, 2025.

   The parties had also already been litigating this matter in state court for approximately a year and some discovery had already taken place. Defendants Phillips and Vivint were not involved in this litigation until recently, however.

10. Describe the proposed agreed discovery plan, including:

A. Responses to all the matters raised in Rule 26(f).

The parties agree that initial disclosures pursuant to Rule 26(a)(1) will be exchanged by all parties by <u>May 16, 2025</u>.  All discovery will be conducted pursuant to the Federal Rules of Civil Procedure unless specified differently below.

GoodLeap contends that discovery should be stayed until the Court enters an Order on GoodLeap's pending Motion to Dismiss and Compel Arbitration (Dkt. 5).

B. When and to whom the plaintiff anticipates it may send interrogatories.

Plaintiff anticipates sending interrogatories to GoodLeap, LLC, TriSMART Solar, LLC, Vivint, LLC and Caleb Phillips within 60 days of receiving all parties' disclosures.

GoodLeap contends that discovery should be stayed until the Court enters an Order on GoodLeap's pending Motion to Dismiss and Compel Arbitration (Dkt. 5).

C. When and to whom the defendant anticipates it may send interrogatories.

Defendants TriSMART, Vivint, and Mr. Phillips anticipate sending interrogatories to Plaintiff within 60 days of receiving all parties' disclosures.

GoodLeap contends that discovery should be stayed until the Court enters an Order on GoodLeap's pending Motion to Dismiss and Compel Arbitration (Dkt. 5). GoodLeap anticipates serving discovery requests in the arbitration proceeding.

D. Of Whom and by when the plaintiff anticipates taking oral depositions.

Plaintiff anticipates taking the oral depositions of representatives of each Defendant and any expert designations by Defendants.

GoodLeap contends that discovery should be stayed until the Court enters an Order on GoodLeap's pending Motion to Dismiss and Compel Arbitration (Dkt. 5).

E. Of Whom and by when the defendant anticipates taking oral depositions.

   Defendants TriSMART, Vivint, and Mr. Phillips anticipate taking the oral deposition of Plaintiff and any expert designated by Plaintiff.

   GoodLeap contends that discovery should be stayed until the Court enters an Order on GoodLeap's pending Motion to Dismiss and Compel Arbitration (Dkt. 5). GoodLeap anticipates taking depositions in the arbitration proceeding.

F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

   The deadline for Plaintiff to designate an expert and provide a report required by Rule 26(a)(2)(B) will be <u>October 20, 2025.</u>

   The deadline for Defendants to designate an expert and provide a report required by Rule 26(a)(2)(B) will be <u>November 19, 2025.</u>

   GoodLeap contends that discovery should be stayed until the Court enters an Order on GoodLeap's pending Motion to Dismiss and Compel Arbitration (Dkt. 5). GoodLeap anticipates designating experts in the arbitration proceeding, if necessary.

G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

   The deadline for Plaintiff to take any expert depositions will beon <u>February 6, 2026</u>.

   GoodLeap contends that discovery should be stayed until the Court enters an Order on GoodLeap's pending Motion to Dismiss and Compel Arbitration (Dkt. 5).

    H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule26(a)(2)(B) (export report).

    The deadline for Defendants to take any expert depositions will be on <u>February 6, 2026.</u>

    GoodLeap contends that discovery should be stayed until the Court enters an Order on GoodLeap's pending Motion to Dismiss and Compel Arbitration (Dkt. 5). GoodLeap anticipates deposing experts in the arbitration proceeding, if necessary.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

    GoodLeap contends that discovery should be stayed until the Court enters an Order on GoodLeap's pending Motion to Dismiss and Compel Arbitration (Dkt. 5).

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

    None.

13. State the date the planned discovery can reasonably be completed.

    All discovery is to be completed by <u>February 20, 2026.</u>

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    All parties are open to settlement discussions once Plaintiff makes a settlement demand to all Defendants in the case.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    Plaintiff, GoodLeap and TriSMART participated in mediation while the case was pending in state court but could not come to a resolution at mediation. Defendants Vivint and Mr. Phillips were added to Plaintiff's First Amended Petition and the case was subsequently removed. All defendants await a settlement demand from Plaintiff.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

    GoodLeap has filed a Motion to Compel Arbitration in this matter. TriSMART has also filed its own separate Motion to Compel Arbitration.

    Plaintiff, while not yet fully briefing any response to the arbitration issues, disputes that arbitration is appropriate for this matter, and believes another mediation may be useful after further discovery takes place.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    The parties do not consent to trial before a magistrate judge.

18. State whether a jury demand has been made and if it was made on time.

    Plaintiff timely made a jury demand in state court prior to removal.

19. Specify the number of hours it will take to present the evidence in this case.

    The parties anticipate that it will take 40-60 hours to present all evidence in this case.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    Defendant GoodLeap's Motion to Dismiss Plaintiff's First Amended Petition pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(1) and Motion to Compel Arbitration filed on March 14, 2025 (Dkt. 5) are pending and could be ruled on at the initial conference. Plaintiff intends to seek remand of this case and opposes GoodLeap's pending Motion to Compel Arbitration. Defendants contend Plaintiff has not timely sought remand and has waived the opportunity to file a Motion to Remand. Defendants contend any opposition to the pending Motion to Compel Arbitration is also untimely.

    Based on Plaintiff's position that this Court should remand this matter back to state court, Plaintiff believes consideration of the Motion to Remand should take precedence over any and all other pending motions, which could be rendered moot upon a decision regarding the remand.

21. List other motions pending.

   None at this time.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

   None at this time.

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

    a. Plaintiff Kassandra Elejarza filed her Certificate of Interested Parties on <u>March 24, 2025.</u>

    b. Defendant GoodLeap, LLC filed its Certificate of Interested Parties on <u>March 24, 2025.</u>

    c. Defendant TriSMART Solar, LLC filed its Certificate of Interested Parties on <u>April 15, 2025.</u>

    d. Defendants Vivint, LLC and Caleb Phillips filed their Certificate of Interested Parties on <u>March 31, 2025</u>.

24. List the names, bar numbers, addresses, and telephone numbers of all counsel.

| **Party** | **Counsel** |
|---|---|
| Plaintiff Kassandra Elejarza | Jason Palker<br>Texas Bar No. 24108248<br>SDTX No. 3633290<br>PALKER LAW FIRM, PLLC<br>4428 S. McColl Rd.<br>Edinburg, Texas 78539<br>(956) 320-0270 |
| Defendant GoodLeap, LLC | James R. Ray III<br>Texas Bar No. 24079746<br>SDTX No. 1487531<br>Munsch Hardt Kopf, & Harr, P.C.<br>1717 West 6th Street, Suite 250<br>Austin, Texas 78703<br>(512) 391-6100 |

| Party | Counsel |
|---|---|
|  | Earl L. Ingle<br>Texas Bar No. 24097234<br>SDTX No. 3219597<br>Munsch Hardt Kopf, & Harr, P.C.<br>700 Milam Street, Suite 800<br>Houston, Texas 77002 |
| Defendant TriSMART Solar, LLC | Timothy R. Allen<br>Texas Bar No. 24092028<br>SDTX No. 2793089<br>TriSMART Solar, LLC<br>600 Northpark Central Drive, Suite 140<br>Houston, Texas 77073<br>832-553-6304 x304<br><br>D. Joe Griffin<br>Texas Bar No. 24074313<br>SDTX No. 2349238<br>TriSMART Solar, LLC<br>5064 Brush Creek Rd.<br>Fort Worth, Texas 76119<br>(888) 485-5551 |
| Defendants Vivint, LLC and Caleb Phillips | Richard A. Stewart<br>State Bar No. 24028010<br>SDTX No. 28322<br>rstewart@fbtlaw.com<br>1100 Louisiana Street, Suite 4300<br>Houston, Texas 77002<br>Telephone: (713) 590-9300<br><br>Ha-Vi Nguyen<br>Texas Bar No. 24105693<br>SDTX No. 3804074<br>hlnguyen@fbtlaw.com<br>Rosewood Court<br>2101 Cedar Springs Road, Suite 900<br>Dallas, Texas 75201<br>Telephone: (214) 545-3472<br>Facsimile: (214) 545-3473 |

9

Signatures:

\_/s/ Jason Palker_____     Date:\_\_04/17/2025_____
Jason Palker
Counsel for Plaintiff


\_/s/ Earl Ingle_____     Date:\_\_04/17/2025_____
Earl Ingle
Counsel for GoodLeap, LLC


\_/s/ Timothy R. Allen_____     Date:\_\_04/17/2025\_\_\_\_
Timothy R. Allen
Counsel for Defendant TriSMART Solar, LLC


\_/s/ Richard A. Stewart_____     Date:\_\_04/17/2025_____
Counsel for Defendants Vivint, LLC and
Caleb Phillips


Dated: April 17, 2025



0145544.0787163   4919-3803-4231v1