UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **KASSANDRA ELEJARZA** | § | |
| *Plaintiff,* | § | |
| | § | |
| Vs. | § | |
| | § | CIVIL ACTION NO. 7:25-CV-99 |
| | § | |
| **GOODLEAP, LLC, TRISMART SOLAR,** | § | |
| **LLC, CALEB PHILLIPS, and VIVINT, LLC** | § | |
| *Defendant.* | § | |

### PLAINTIFF'S OPPOSED MOTION TO REMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Kassandra Elejarza, Plaintiff, by and through her counsel, and files this Opposed Motion to Remand to the State Court. Plaintiff respectfully shows this court the following:

### I. PROCEDURAL HISTORY AND FACTUAL BACKGROUND

1.1    Over a year ago, on April 1, 2024, Plaintiff Kassandra Elejarza filed this lawsuit in Hidalgo County, Texas state court. This suit concerns a dispute arising from the sale and financing of solar panels which are affixed to Plaintiff's real property located in Hidalgo County, Texas, and all deceptive acts and practices for which the suit arose occurred in Hidalgo County, Texas.

1.2.    Defendant TriSmart Solar, LLC filed its original answer on May 6, 2024, and Defendant GoodLeap, LLC filed its answer on May 3, 2024. Defendant Caleb Phillips did not make any appearance in the case prior to its removal, nearly a year later.

1.3.    This litigation remained in state court for nearly a year and the discovery period was ongoing during that time. A state court pre-trial hearing was set for April 7, 2025. The parties

mediated prior to the final pre-trial hearing. At this mediation, new facts surfaced which had not previously been discovered. Therefore, this suit was amended on March 6, 2025.

1.4.    By amendment, Vivint, LLC was named as an additional defendant, and Plaintiff also pled Defendant Goodleap's violations of the Truth in Lending Act, which were directly related to all state court causes of action that had already been pled.

1.5.    The following day, March 7, 2025, Defendant GoodLeap, filed its Notice of Removal [Dkt. 1]. Attached to the notice were the general appearances of GoodLeap and TriSmart filed in state court [Dkt. 1-6, 1-7]. Goodleap's sole contention that jurisdiction is proper in this court is that Plaintiff has alleged TILA violations and therefore, there is a federal question. Plaintiff disagrees.

1.6.    Ironically, Goodleap allowed this matter to proceed in state court for nearly an entire year. Goodleap never once objected to the jurisdiction of the state court, or removed this suit to federal court. Now, Goodleap has removed this matter to this Court after a full year of litigation, solely because Plaintiff has added a singular cause of action (based wholly upon the same facts always alleged). Contemporaneously with this removal however, Goodleap also urges that this Court should *dismiss* this case in favor of arbitration, arguing that this Court lacks jurisdiction over this matter. By moving to remand, Plaintiff reserves all arguments in opposition of arbitration on numerous grounds. However, a preliminary question for this Court to decide is whether it should opt to exercise its jurisdiction over this matter or remand it back to state court.

1.7.    Just two days later, on March 9, 2025, counsel for Plaintiff received an email from attorney Samuel Wardle confirming that he would accept service of the First Amended Petition on behalf of Vivint, LLC and Caleb Phillips who had not yet appeared in the litigation (in state or federal court). Plaintiff's counsel agreed to allow extra time for Wardle to appear on behalf of

these Defendants. Counsel Ha-Vi L. Nguyen and Richard Abram Stewart ultimately appeared on behalf of these Defendants on March 31, 2025.

1.8. On March 14, 2025, before Defendants Phillips or Vivint had even appeared in this litigation and only a week after Goodleap removed this litigation to this Court, Defendant Goodleap filed a Motion to Dismiss this lawsuit and to compel arbitration.[1]

1.9. Nearly a month later, after Vivint and Phillips finally appeared in this litigation, Defendant TriSmart filed its own separate Motion to Compel Arbitration under the terms of a wholly dissimilar arbitration provision.[2]

1.10. The parties conferred on a Joint Case Management Plan. As indicated therein, Plaintiff disputes that this Court has jurisdiction over this matter. While not briefed herein expressly, Plaintiff is also opposed to arbitration. This motion is not intended to serve as a response to Goodleap or TriSmart's Motions to Compel Arbitration, inasmuch as Plaintiff disputes jurisdiction is proper in this Court and any rulings regarding arbitration could be equally raised at the state court (and they never were during nearly a year of litigation until recently when this matter was removed to the Court).

## II. DIVERSITY JURISDICTION IS NOT AN ISSUE IN THIS CASE

2.1 No Defendant has expressly contended that this removal was sought on the basis of diversity jurisdiction, so it will only be addressed briefly. Title 28, Section 1332 of the United States Code provides for removal where there is complete diversity of citizenship.

2.2 There is no complete diversity in this case. Defendant TriSmart Solar is a Texas limited liability company. Defendant Phillips is a Texas citizen. Plaintiff is a Texas citizen.

---

[1] If this Motion to Remand is granted, this pending motion would be moot.
[2] This motion would also be moot if this Motion to remand is granted.

### III. LACK OF FEDERAL QUESTION JURISDICTION

**a. Federal Jurisdiction is Improper Where the Federal Claim is Incidental to State Law Causes of Action.**

3.1   Plaintiff alleged numerous causes of action against numerous Defendants. All of these claims and causes of action arise out of the same singular nucleus of operative fact: deceptive acts and practices surrounding the sale of a solar system. With the exception of the addition of a cause of action for TILA violations, virtually all facts had been plead at the state level for nearly an entire year before Defendant Goodleap removed this case to federal Court (while simultaneously arguing this court lacks jurisdiction and should dismiss the case in favor of arbitration). The causes of action in Plaintiff's live pleading from state court are as follow:

| Cause of Action | Defendant Asserted Against | Federal Question? |
|---|---|---|
| DTPA Laundry List Violations | Trismart | No |
| DTPA Laundry List Violations | Goodleap | No |
| DTPA Laundry List Violations | Vivint | No |
| DTPA Laundry List Violations | Phillips | No |
| DTPA Breach of Warranty | Trismart | No |
| DTPA Breach of Warranty | Goodleap | No |
| DTPA Breach of Warranty | Vivint | No |
| DTPA Breach of Warranty | Phillips | No |
| DTPA Unconscionability | Trismart | No |
| DTPA Unconscionability | Goodleap | No |
| DTPA Unconscionability | Vivint | No |
| DTPA Unconscionability | Phillips | No |
| Breach of Contract | Trismart | No |
| Breach of Contract | Goodleap | No |
| Breach of Contract | Vivint | No |
| Breach of Contract | Phillips | No |
| Fraud | Trismart | No |
| Fraud | Goodleap | No |
| Fraud | Vivint | No |
| Fraud | Phillips | No |
| Fraud in the Inducement | Trismart | No |
| Fraud in the Inducement | Goodleap | No |
| Fraud in the Inducement | Vivint | No |
| Fraud in the Inducement | Phillips | No |
| Conspiracy to Commit Fraud | Trismart | No |

| | | |
|---|---|---|
| Conspiracy to Commit Fraud | Goodleap | No |
| Conspiracy to Commit Fraud | Vivint | No |
| Conspiracy to Commit Fraud | Phillips | No |
| CPRC Ch. 12: Fraudulent Lien/Claim | Goodleap | No |
| Consumer Credit Code Violations | Goodleap | No |
| Declaratory Judgment Act | Goodleap | No |
| TILA Violations | Goodleap | Yes |

3.2. Plaintiff included *one* allegation in her pleading against *one* Defendant. The Texas Supreme Court has held, "The fact that treatment of a substantial federal question is necessary to the resolution of a state claim is not, however, sufficient to permit federal jurisdiction." *Minton v. Gunn*, 301 S.W. 702, 718 (Tex. App. 2009). Federal question jurisdiction exits where:

(1) resolving a federal issue is necessary to resolution of the state-law claim;

(2) the federal issue is actually disputed;

(3) the federal issue is substantial; and

(4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities. *Id.*

3.3. Although Plaintiff alleged *ten* other Texas statutory and common law claims against Defendant Goodleap, aside from claims of TILA violations, and alleged *no federal causes of action* against all other Defendants, Defendant Goodleap removed this matter to federal court when trial was only a month away in state court, after this matter had been pending in litigation for nearly a year. The United States Supreme Court has held "the party who brings the suit is master to decide what law he will rely upon." *The Fair v. Kohler Die & Specialty Co*. 228 U.S. 22, 25, 33 S. Ct. 410 (1913). Here, Plaintiff has unequivocally claim an overwhelming majority of state law claims against Goodleap, all of which a state court is perfectly capable of handling, and indeed, a state court was handling them up until Goodleap removed this case to this court a month before trial. Moreover, all facts giving rise to this suit remain the same, and no federal causes of action were

alleged against any other defendant. The TILA claim is just one of thirty-two collective claims, all of which arise out of the same common nucleus of operative fact. The state court is capable of handling this TILA claim.

    3.4. A suit to enforce a right which takes origin in the laws of the United States is not necessarily, or for that reason alone, one arising under those laws, for a suit does not so arise unless it is really and substantially involved a dispute or controversy respecting the validity, construction, or effect of such law, upon the determination of which the result depends. *Gully v. First Nat'l Bank*, 299 U.S. 109, 114, 57 S. Ct. 96 (1936). Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit. *Id.* at 115. (Involving rights under a contract interpreted under Mississippi contract law but which involved federal questions).

    3.5. A federal court's rulings on Goodleap's alleged TILA violations is not necessary for the the resolution of all the other Texas statutory and common law claims included in the Plaintiff's petition. It is not required for adjudication of Plaintiff's claims against Goodleap, and most certainly is not with regard to all other Defendants (none of whom had any federal cause of action alleged against it). Plaintiff's claims against GoodLeap for federal law violations are incidental to broader state-law claims detailed in Plaintiff's live pleading. Plaintiff's complaint does not raise issues of federal law, it raises a single claim concurrent with nearly a dozen other claims to which relief is appropriate in the state court.

    3.6. This case is improper in federal court, because the substantive Texas statutory and common law claims outweigh the incidental federal law claim against a single Defendant in this lawsuit. Plaintiff's eight other claims against Goodleap and their concurrent TILA violation are ripe to be decided in the state court, along with all of the other claims alleged to Defendants TriSmart Solar, LLC, Vivint, LLC, and Caleb Phillips.

3.7. Further, 28 U.S.C. § 1441(c)(2) provides "Upon removal of an action…, all claims not within the original or supplemental jurisdiction of the district court... shall be severed and remanded to the State court... Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1). Here, *at minimum*, all claims other than the single TILA claim against the single Defendant against whom it is asserted (Goodleap) should be severed and remanded to state court; however, given the common nucleus of operative facts as it applies to all causes of action and all defendants, this case should be remanded in its entirety to state court.

**b. Texas Court's Have Recognized that Plaintiffs May Bring Claims Involving the Federal Truth and Lending Act ("TILA") in State Court.**

3.6    In other proceedings, Texas courts have exercised jurisdiction in cases concerning TILA violations. *See* e.g. *Dillard Dep't Stores v. Owens*, 951 S.W.2d 915 (Tex. App.—Corpus Cristi, 1997); *Groves v. Constr. Equip. Fed. Credit Union,* NO. 01-96-00791-CV, 1997 Tex. App. LEXIS 6683 (Tex. App.—Houston [1st Dist.] Dec. 18, 1997, no pet.).

3.7    These cases support Plaintiff's request to remand this lawsuit back to the state court, as the state court has previously ruled on TILA violations for other Defendants in the Texas appellate courts. The mere presence of claim under federal law does not establish federal question jurisdiction. As held in *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 163 (1997), a case "arises under" federal law on if federal law creates the cause of action or the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. Here, any reference to TILA in Plaintiff's amended pleading is not essential to the state-law claims and is, at most, incidental or defensive. As such, it does not provide a basis for a federal question under 28 U.S.C. § 1331.

**c. This Motion it Timely**

3.8.    28 USC Sec. 1447 (c) provides that a motion to remand a case must be filed within thirty days of removal. However, this does not apply when the basis for remand is lack of subject matter jurisdiction. Because this case involves no overarching federal questions, this court lacks subject matter jurisdiction, and this motion is timely.

3.9.    Moreover, Defendants Phillips and Vivint had not even appeared in this litigation until March 31, 2025 (and therefore could not have effectively consented to the removal), and therefore, this motion would still be timely under the standard 30-day rule.

## IV. PRAYER

4.1    WHEREFORE, PREMISES CONSIDERED, Plaintiff Kassandra Elejarza respectfully requests that this Court grant her Motion to Remand and return this case to the County Court at Law Number Seven of Hidalgo County, Texas. Plaintiff further requests that this Court decline to exercise jurisdiction under 28 U.S.C. § 1331 and § 1332, finding that neither federal question nor diversity jurisdiction is appropriate in this matter.

4.2    Plaintiff additionally requests all such other and further relief to which she may be justly entitled, including an award of costs and attorney's fees under 28 U.S.C. § 1447(c), and any other relief she may be justly entitled to.

## CERTIFICATE OF CONFERENCE

I, the undersigned attorney, hereby certify to the Court that I have conferred with opposing counsel at our Joint Case Management Plan Conference. All counsel indicated opposition to this motion.

*/s/ Jason Palker*
Jason Palker

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been sent to all counsel of record via eService in accordance with the Texas Rules of Civil Procedure on the following date: April 21, 2025.

 */s/ Jason Palker*
Jason Palker
