IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| KASSANDRA ELEJARZA<br><br>Plaintiff,<br><br>v.<br><br>GOODLEAP, LLC, TRISMART SOLAR, LLC, CALEB PHILLIPS and VIVINT, LLC<br><br>Defendant. | Civil Action No. 7:25-cv-99 |

**DEFENDANTS VIVINT, LLC AND CALEB PHILLIPS' OPPOSED MOTION TO JOIN
MOTIONS TO COMPEL ARBITRATION FILED BY
GOODLEAP, LLC AND TRISMART SOLAR, LLC**

Defendants Vivint, LLC ("Vivint") and Caleb Phillips ("Phillips")( collectively, the "Vivint Defendants"), by and through undersigned counsel, hereby join the Motion to Compel Arbitration filed by GoodLeap, LLC (Doc No. 5) and the Motion to Compel Arbitration filed by TriSMART Solar, LLC (Doc No. 11). The Vivint Defendants agree that the disputes in Plaintiff's First Amended Petition should be resolved by binding arbitration. This conclusion is supported by both the arbitration agreements in the Loan Agreement by and between GoodLeap, LLC and Plaintiff Kassandra Elejarza (the "Loan Agreement")[1] and the Photovoltaic Solar

---

[1] Exhibit A-1 of Defendant GoodLeap, LLC's Motion to Dismiss Plaintiff's First Amended Petition pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(1) and Motion to Compel Arbitration

1

Agreement by and between TriSMART Solar, LLC and Plaintiff Kassandra Elejarza (the "Purchase Agreement")[2].

## I.  Arguments & Authorities

The Vivint Defendants incorporate and join in the arguments made in the Motion to Compel Arbitration filed by GoodLeap, LLC and the Motion to Compel Arbitration filed by TriSMART Solar, LLC and incorporate them by reference herein.

There is a presumption against the waiver of arbitration. *Lawrence v. Comprehensive Bus. Services Co.,* 833 F.2d 1159, 1164 (5th Cir. 1987) ("Waiver of arbitration is not a favored finding, and there is a presumption against it."). A non-signatory defendant to an arbitration clause can compel arbitration against a signatory-plaintiff through the equitable estoppel doctrine. *Grigson v. Creative Artists Agency L.L.C.,* 210 F.3d 524, 526 (5th Cir. 2000).

Equitable estoppel applies in two scenarios: 1) "when the signatory to a written agreement containing an arbitration clause must rely on the terms of the written agreement in asserting its claims against the nonsignatory…" or 2) "the signatory to the contract containing an arbitration clause raises allegations of

---

[2] Exhibit A-2 of Defendant GoodLeap, LLC's Motion to Dismiss Plaintiff's First Amended Petition pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(1) and Motion to Compel Arbitration

substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract." *Id*. at 527.

Plaintiff alleges that Vivint breached the Purchase Agreement even though Vivint was not a party to the contract. Plaintiff also alleges that the Vivint Defendants made false representations to Plaintiff to induce her to sign the Purchase Agreement and Loan Agreement. Plaintiff further alleges that the Vivint Defendants conspired with GoodLeap, LLC and TriSMART Solar, LLC to defraud Plaintiff in connection with her signing the Purchase Agreement and Loan Agreement.

Plaintiff cannot assert her claims without relying on the terms of the Purchase Agreement and Loan Agreement. Plaintiff also raised allegations that the Vivint Defendants conspired to commit fraud with the signatory defendants, GoodLeap, LLC and TriSMART Solar, LLC, which are allegations of substantially interdependent and concerted misconduct by all Defendants. Therefore, the Vivint Defendants join GoodLeap, LLC and TriSMART Solar, LLC in moving to compel arbitration against Plaintiff under the arbitration clauses of the Purchase Agreement and Loan Agreement.

## II. Conclusion

Vivint, LLC and Caleb Phillips respectfully request the Court grant the pending motions to compel pursuant to the arbitration clauses and order such and further relief to which the Vivint Defendants are justly entitled.

3

Dated: April 24, 2025

Respectfully submitted,

Frost Brown Todd LLP

By: /s/ *Richard A. Stewart*

Richard A. Stewart
State Bar No. 24028010
SDTX No. 28322
rstewart@fbtlaw.com
1100 Louisiana Street, Suite 4300
Houston, Texas 77002
Telephone: (713) 590-9300
Facsimile: (713) 590-9399

Attorney-in-Charge for *Defendant Vivint, LLC and Caleb Phillips*

OF COUNSEL:

Ha-Vi Nguyen
Texas Bar No. 24105693
SDTX No. 3804074
hlnguyen@fbtlaw.com
Rosewood Court
2101 Cedar Springs Road, Suite 900
Dallas, Texas 75201
Telephone: (214) 545-3472
Facsimile: (214) 545-3473

*Attorney for Defendant Vivint, LLC and Caleb Phillips*

## CERTIFICATE OF CONFERENCE

Counsel for movants have conferred with counsel for Plaintiff, and he opposes this Motion.

/s/ *Ha-Vi L. Nguyen*
Ha-Vi L. Nguyen

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to the Federal Rules of Civil Procedure 5(b)(2)(E) on April 24, 2025.

/s/ *Ha-Vi L. Nguyen*
Ha-Vi L. Nguyen

0145544.0787163   4926-2312-3770v1