IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| KASSANDRA ELEJARZA<br><br>Plaintiff,<br><br>v.<br><br>GOODLEAP, LLC, TRISMART SOLAR, LLC, CALEB PHILLIPS and VIVINT, LLC<br><br>Defendant. | Civil Action No. 7:25-cv-99 |

**DEFENDANTS' JOINT RESPONSE TO PLAINTIFF'S
OPPOSED MOTION TO REMAND**

Defendants GoodLeap, LLC, TriSMART Solar, LLC, Vivint, LLC, and Caleb Phillips (collectively, "Defendants") file their response in opposition to Plaintiff's Opposed Motion to Remand ("Motion to Remand") (Doc. No. 18).

**I. Introduction**

This Court has subject matter jurisdiction because Plaintiff Kassandra Elejarza ("Plaintiff") has made a claim "arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Plaintiff's attempt to remand this matter is therefore improper for the following reasons:

1. Plaintiff missed the 30-day deadline to raise procedural complaints in a motion to remand pursuant to 28 U.S.C. § 1447(c). Thus, any procedural complaints are untimely and may not be considered; and

2. There is federal subject matter jurisdiction. Plaintiff chose to assert a claim for relief under the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. Thus, there is federal

1

question jurisdiction under 28 U.S.C. § 1331. Moreover, this Court has supplemental jurisdiction over the remaining claims under 28 U.S.C. § 1367(a).

## II.  Arguments & Authorities

### A. Plaintiff's procedural complaints are time-barred. The 30-day time limit to remand for procedural defects pursuant to 28 U.S.C. § 1447(c) is a strict deadline, which Plaintiff missed.

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c).

The Fifth Circuit imposes this hard 30-day deadline for filing a motion to remand based upon a procedurally defective removal. *In re Shell Oil Co.,* 932 F.2d 1523, 1527 (5th Cir. 1991) (holding that a district court had no discretion to remand on the basis of improper removal under § 1441(b) if plaintiff's motion for remand was untimely); *F.D.I.C. v. Loyd*, 955 F.2d 316, 322 (5th Cir. 1992) ("[W]e interpret the first sentence of § 1447(c) as **precluding all remands** for procedural defects after the expiration of the thirty-day remand period specified by § 1447(c)." (emphasis added)). "In other words, what is important about the amended version of § 1447(c) is that procedural questions concerning removal **must be presented**, whether by motion or *sua sponte*, within thirty days in order for remand on those grounds to be permissible." *Loyd*, 955 F.2d at 322 (emphasis added).

It is undisputed that Plaintiff filed the Motion to Remand 45 days after GoodLeap LLC's ("GoodLeap") removal. *See* Notice of Removal, filed on March 7, 2025 (Doc. No. 1) and Motion to Remand filed on April 21, 2025 (Doc. No. 18). Plaintiff did not comply with the 30-day deadline.[1]

---

[1] Notably, Plaintiff has also failed to respond to GoodLeap's Motion to Dismiss Plaintiff's First Amended Petition Pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(1) and Motion to Compel Arbitration that was filed

2

As such, this Court cannot consider any alleged procedural defects in Defendant's Notice of Removal. Plaintiff's Motion to Remand should be denied.

**B. Even if Plaintiff's procedural complaints were not time-barred, GoodLeap's Notice of Removal was timely.**

This case was timely removed, and Defendants followed all procedures set out in 28 U.S.C. § 1446.

Generally, a defendant has 30 days to remove a case following the receipt of service of the initial pleadings. 28 U.S.C. § 1446(b). However, when a plaintiff adds a claim under federal law, a defendant has 30 days to remove from the date of filing of the amended pleading. *Knudsen v. Liberty Mut. Ins. Co.*, 411 F.3d 805, 807 (7th Cir. 2005) ("Removal practice recognizes this point: an amendment to the pleadings that adds a claim under federal law (where only state claims had been framed before), or adds a new defendant, opens a new window of removal."); *Ndupu v. Methodist Health Sys.*, No. CIV A 3:08CV0381-BH, 2008 WL 4211124, at *2 (N.D. Tex. Sept. 10, 2008) ("Because the *First Amended Original Petition* includes a federal question, removal under federal question jurisdiction was proper."). Indeed, § 1446 specifically allows a defendant to remove a pleading within thirty days of the date on which the case becomes removable: "[I]f the case stated by the initial pleading is not removable, a notice of removal **may be filed within thirty days** after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper **from which it may first be ascertained that the case is one which is or has become removable**." 28 U.S.C. § 1446(b)(3) (emphasis added).

Plaintiff's Motion to Remand makes much ado over the fact that this case was in state court for nearly a year prior to the removal by GoodLeap. However, Plaintiff's First Amended Petition

---

on March 14, 2025 (Doc. No. 5). Plaintiff's response to GoodLeap's Motion was due on April 4, 2025. Plaintiff has not responded, or otherwise requested an extension of time to respond to GoodLeap's Motion.

asserted federal claims for the first time on March 6, 2025. *See* Plaintiff's First Amended Petition (Doc. No. 1-8). This "opens a new window of removal" for GoodLeap. *See Knudsen*, 411 F.3d at 807. Accordingly, GoodLeap was entitled to remove the case within 30 days of receipt of Plaintiff's First Amended Petition, because that is the time at which the case first became removable. *See* 28 U.S.C. § 1446(b)(3).

GoodLeap timely removed on March 7, 2025, one day after receipt of Plaintiff's First Amended Petition. *See* GoodLeap's Notice of Removal (Doc. No. 1). GoodLeap's removal was proper, and Plaintiff failed to do anything to seek remand until 45 days later. Plaintiff's untimely Motion to Remand must therefore be denied.

### C. This Court has Federal Question subject matter jurisdiction over Plaintiff's Federal Truth in Lending Act claim.

District courts have subject matter jurisdiction related to "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

TILA is federal law, and district courts have subject matter jurisdiction when considering claims under TILA. *Mourning v. Family Publications Serv., Inc.*, 411 U.S. 356, 377, 93 S. Ct. 1652, 1665, 36 L. Ed. 2d 318 (1973) (holding that the statutory scheme of the Truth in Lending Act is within power granted to Congress under the Commerce Clause); *see also Fairley v. Turan-Foley Imports, Inc.*, 65 F.3d 475, 481–82 (5th Cir. 1995) ("The district court, moreover, erred when it found that it did not have subject matter jurisdiction to consider the TILA claims.").

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiff's First Amended Petition clearly references TILA as federal

4

law, noting the location of the statute in the United States Code and the federal regulation by which it is implemented:

> **J. COUNT 9 – Defendant Goodleap's Unlawful Lending Practices (TILA)**
>
> 5.21. The "federal Truth in Lending Act" or "TILA" refers to 15 U.S.C. § 1601 et seq., enacted in 1968 as title I of the Consumer Credit Protection Act (Pub. L. 90-321) and implemented by the Consumer Financial Protection Bureau under Regulation Z, 12 C.F.R.1026.
>
> Plaintiff's First Amended Petition                                                                  Page 30

See ¶ 5.21 of Plaintiff's First Amended Petition (Doc. No. 1-8). Plaintiff has alleged that GoodLeap violated specific sections of TILA. *See id.* at ¶ 5.23. Plaintiff's First Amended Petition expressly seeks relief under a federal statute, thereby invoking this Court's federal question jurisdiction.

The fact that Plaintiff, on the face of her First Amended Petition, has alleged violations of TILA only against GoodLeap does not in any way invalidate the removal, nor does it negate the federal question jurisdiction that a district court possesses under 28 U.S.C. § 1331. *See Air Liquide Mexico S. de R.L. de C.V. v. Talleres Willie, Inc.,* No. CIV.A. H-14-211, 2014 WL 2526914, at *3 (S.D. Tex. June 4, 2014)("That the federal claim was brought against a defendant other than the one who initiated the removal is immaterial [for purposes of removal]."). This Court clearly has subject matter jurisdiction over the claim under federal law, and remand is improper despite Plaintiff's argument to the contrary.

### D. The Court has Supplemental Jurisdiction over the remaining claims in Plaintiff's First Amended Petition.

Plaintiff further attempts to avoid this Court's jurisdiction by listing out the laundry list of allegations she has against Defendants which are not federal questions. However, when a civil action includes a claim arising under federal law, the district court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). This supplemental jurisdiction "shall include claims that involve the joinder or intervention of additional parties." *Id.* Only when the Court cannot exercise supplemental jurisdiction, should it sever and remand causes of action to the state court. *See* 28 U.S.C. § 1441(c)(2).

Here, Plaintiff alleges violations of both federal and state law arising out of the sale of a residential solar system. *See* ¶¶ 4.1 to 4.5 of Plaintiff's First Amended Petition (Doc. No. 1-8). Plaintiff admits that the federal and state causes of action "arise out of the same common nucleus of operative fact." *See* Plaintiff's Motion to Remand (Doc. No. 18) at ¶ 3.3. Plaintiff's TILA allegations against GoodLeap arise from the Loan Agreement that financed the sale and installation of the residential solar system to Plaintiff. The facts, details, and parties for all claims are so interrelated that it would be impractical for the Court to refuse to exercise its supplemental jurisdiction over the state law claims. Doing so would result in duplicative litigation running concurrently in both state and federal court.

As a last-ditch effort, Plaintiff cites 28 U.S.C. § 1441(c)(2) and requests this Court sever and remand all causes of action other than her TILA cause of action. However, §1441(c)(2) only requires severance and remand over claims where original or supplemental jurisdiction **does not exist** in the federal court. *See* 28 U.S.C. § 1441(c)(2) (emphasis added). Here, even Plaintiff admits

that supplemental jurisdiction exists, "given the common nucleus of operative facts as it applies to all causes of action and all defendants. . ." *See* Plaintiff's Motion to Remand (Doc No. 18) at ¶ 3.7.

Since the state and federal claims "derive from a common nucleus of operative fact", the District Court has supplemental jurisdiction over the state law claims. *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997) (Where state and federal claims "derive from a common nucleus of operative fact," 28 U.S.C. § 1367 establishes supplemental jurisdiction over the state law claims). Accordingly, this Court should exercise its supplemental jurisdiction over the related claims and deny Plaintiff's Motion to Remand in its entirety.

### III. Conclusion

Plaintiff amended her state court petition to allege a violation of federal law. One day later, Defendant GoodLeap, LLC properly removed this case to federal court, invoking this Court's federal question jurisdiction. This Court has subject matter jurisdiction over all the claims in Plaintiff's First Amended Petition. Plaintiff's Motion to Remand, filed 45 days after the removal, is untimely and without merit. For the foregoing reasons, Defendants respectfully request the Court deny Plaintiff's Motion to Remand and order such further relief to which Defendants are justly entitled.

Dated: May 2, 2025

Respectfully submitted,

FROST BROWN TODD LLP

By: /s/ *Richard A. Stewart*

Richard A. Stewart
State Bar No. 24028010
SDTX No. 28322
rstewart@fbtlaw.com
1100 Louisiana Street, Suite 4300
Houston, Texas 77002
Telephone: (713) 590-9300
Facsimile: (713) 590-9399

Ha-Vi Nguyen
Texas Bar No. 24105693
SDTX No. 3804074
hlnguyen@fbtlaw.com
Rosewood Court
2101 Cedar Springs Road, Suite 900
Dallas, Texas 75201
Telephone: (214) 545-3472
Facsimile: (214) 545-3473

Attorneys for *Defendant Vivint, LLC and Caleb Phillips*

MUNSCH HARDT KOPF & HARR, P.C.

By:  /s/ *Earl L. Ingle*

James R. Ray III
State Bar No. 24079746
SDTX No. 1487531
jray@munsch.com
1717 West 6th Street, Suite 250
Austin, Texas 78703
Telephone: (512) 391-6100
Facsimile: (512) 391-6149

Earl L. Ingle
State Bar No. 24097234
SDTX No.3219597
eingle@munsch.com
700 Milam Street, Suite 800
Houston, Texas 77002
Telephone: (713) 222-4075
Facsimile: (713) 222-1475
*Attorneys for Defendant GoodLeap, LLC*

TRISMART SOLAR, LLC

By: /s/ *Timothy R. Allen*

Timothy R. Allen
State Bar No. 24028010
SDTX No. 2793089
tallen@trismartsolar.com
600 Northpark Central Drive, Suite 140
Houston, Texas 77073
Telephone: 832-553-6304 x304

*Attorney for TriSMART Solar, LLC*

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to the Federal Rules of Civil Procedure 5(b)(2)(E) on May 2, 2025.

      /s/ *Ha-Vi L. Nguyen*
      Ha-Vi L. Nguyen

0145544.0787163   4924-0812-8061v2