IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| KASSANDRA ELEJARZA<br><br>Plaintiff,<br><br>v.<br><br>GOODLEAP, LLC, TRISMART SOLAR, LLC, CALEB PHILLIPS and VIVINT, LLC<br><br>Defendant. | Civil Action No. 7:25-cv-99 |

**DEFENDANTS VIVINT, LLC AND CALEB PHILLIPS' REPLY IN SUPPORT OF MOTIONS TO COMPEL ARBITRATION**

On April 24, 2025, Defendants Vivint, LLC ("Vivint") and Caleb Phillips ("Phillips") (collectively, the "Vivint Defendants"), filed a Motion to Join the Motion to Compel Arbitration filed by GoodLeap, LLC ("GoodLeap") (Doc No. 5) and the Motion to Compel Arbitration filed by TriSMART Solar, LLC ("TriSMART") (Doc No. 11) ("Motion to Join"). On June 5, 2025, Plaintiff filed a Brief in Opposition to All Defendants' Motions to Compel Arbitrations and Defendant GoodLeap's Arbitration-Based Motions to Dismiss (Doc No. 26) ("Brief in Opposition") that contained arguments against the Vivint Defendants' Motion to Join. The Vivint Defendants hereby file their reply to the arguments made against their Motion to Join.

### I. Introduction

Plaintiff has untimely filed her response to the Motion to Compel Arbitration and Motion to Dismiss filed by GoodLeap, Motion to Compel Arbitration filed by TriSMART, and the Motion to Join without showing good cause and excusable neglect. Therefore, the Motions to Compel Arbitration and the Motion to Join should be taken as unopposed and granted.

1

In addition, Plaintiff has confused certain issues in her Brief in Opposition and misconstrued assertions that the Vivint Defendants made in their Motion to Join. Plaintiff contends that the Vivint Defendants are somehow judicially estopped from compelling arbitration merely by invoking this Court's jurisdiction; that her "non-contractual" causes of actions directly related to the agreements at issue do not merit compelling arbitration; and that, by filing the Joint Response to Plaintiff's Motion to Remand and joining the motions to compel arbitration, the Vivint Defendants have substantially invoked the judicial process, waiving their right to arbitration. These arguments are meritless.

Plaintiff makes arguments in her Brief in Opposition against the Vivint Defendants' reliance on the arbitration clause of the agreement between TriSMART and Plaintiff but completely leaves out any arguments against the equally applicable arbitration clause in the agreement between GoodLeap and Plaintiff. *See* Brief in Opposition, Doc No. 26 at ¶¶ 3.36-3.39. In their Motion to Join, the Vivint Defendants clearly stated that they were joining the Motions to Compel Arbitration filed by GoodLeap and TriSMART under the arbitration clauses of the Loan Agreement by and between GoodLeap and Plaintiff (the "Loan Agreement") and the Photovoltaic Solar Agreement by and between TriSMART and Plaintiff (the "Purchase Agreement"). *See* Motion to Join, Doc No. 20 at ¶ 1.

Defendants asserting that this Court has subject matter jurisdiction in the Joint Response to Motion to Remand does not waive their ability to enforce arbitration agreements and compel arbitration. Plaintiff's allegations against the Vivint Defendants clearly rely on the terms of the written contracts that contain the arbitration clauses. Plaintiff, the signatory of both these written contracts, raises allegations against the Vivint Defendants that are substantially interdependent and relate to the concerted misconduct of the other signatories of the written contracts – TriSMART

and GoodLeap. Plaintiff's DTPA and fraud claims are still arbitrable as they are substantially related to the Purchase Agreement and Loan Agreement. Finally, the Vivint Defendants did not waive arbitration in this matter because they have not substantially invoked the judicial process.

## II. Arguments & Authorities

### A. Plaintiff untimely filed her Response to the Motions to Compel Arbitration and Motion to Join without showing cause or excusable neglect.

Local Rule 7.3 for the United States District Court for the Southern District of Texas states that "[o]pposed motions will be submitted to the judge 21 days from filing without notice from the clerk and without appearance by counsel." Responses to motions must be filed by the submission day. S.D. TEX. CIV. R. 7.4. The "[f]ailure to respond to a motion will be taken as a representation of no opposition." *Id*.

When a party seeks to extend a deadline, in this case, a response, the party has the burden to show "good cause" and "excusable neglect." FED. R. CIV. P. 6(b)(1)(B) ("[T]he Court may, for good cause, extend the time…on motion made *after the time has expired* if the party failed to act because of excusable neglect.") (emphasis added). In determining whether a party has shown excusable neglect, the court weighs the following factors: "'the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *U.S. Bank Tr. Nat'l Ass'n as Tr. of Tiki Series IV Tr. v. Walden*, 124 F.4th 314, 321 (5th Cir. 2024) (quoting *United States v. Clark,* 51 F.3d 42, 44 (5th Cir. 1995).

GoodLeap filed its Motion to Compel Arbitration (Doc No. 5) on March 14, 2024 making the response deadline for Plaintiff to be April 4, 2025. TriSMART filed its Motion to Compel Arbitration (Doc No. 11) on April 10, 2025 making the response deadline May 1, 2025. The Vivint Defendants filed their Motion to Join (Doc No. 20) on April 24, 2025 making the response deadline

3

May 15, 2025. Plaintiff has not shown good cause and excusable neglect in filing her responses late to all of Defendants' motions. In fact, Plaintiff does not address her lateness *at all* in her Brief in Opposition. *See generally* Brief in Opposition, Doc No. 26. Therefore, Defendants' respective motions should be taken as unopposed and granted by the Court.

However, should the Court consider Plaintiff's Brief in Opposition, the Vivint Defendants further reply to Plaintiff's arguments.

**B. Subject matter jurisdiction is a prerequisite for this Court to enforce the arbitration clauses in the Purchase Agreement and the Loan Agreement.**

Plaintiff makes a bold assertion in her Brief in Opposition that "[d]efendants are judicially estopped from compelling arbitration after previously asserting the Court's subject matter jurisdiction to oppose remand." *Id*. at ¶ 1.5(1.). This is simply not the law.

The Federal Arbitration Act ("FAA") creates "a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S. Ct. 927, 941, 74 L. Ed. 2d 765 (1983). Section 4 of the FAA allows a party to petition to a United States district court and seek an order compelling arbitration. 9 U.S.C. § 4. However, the FAA does not bestow federal jurisdiction on a claim and a federal court must have "independent jurisdictional basis over the parties' dispute." *Colorado River Auth. v. Papalote Creek II, L.L.C.,* 858 F.3d 916, 923 (5th Cir. 2017) (quoting *Vaden v. Discover Bank*, 556 U.S. 49, 59, 129 S. Ct. 1262, 173 L.Ed.2d 206 (2009)). So, before compelling arbitration, a federal court must ensure that it would, in the absence of an arbitration agreement, have jurisdiction over the underlying substantive action. *Id*. at 927. ("In sum, we have made clear that a district court must have subject matter jurisdiction over the underlying dispute in order to compel arbitration under 9 U.S.C. § 4).

The Vivint Defendants do agree that they correctly argued that the Court has Federal Question subject matter jurisdiction over Plaintiff's Federal Truth in Lending Act claims. This does not "estop" any defendant from compelling arbitration in this Court. In fact, Defendants ensuring that the Court has subject matter jurisdiction means that the Court *can* properly compel arbitration and enforce the arbitration clauses in the Purchase Agreement and Loan Agreement.

### C. Plaintiff's claims, including her DTPA and fraud claims, are related to the Purchase Agreement and Loan Agreement, which allow the Vivint Defendants, as nonsignatories, to enforce the arbitration clauses in each agreement.

The Vivint Defendants moved to join the motions to compel arbitration filed by both TriSMART and GoodLeap under the Purchase Agreement and Loan Agreement. Plaintiff asserts that the arbitration clauses in the Purchase Agreement and Loan Agreement are unenforceable, and that the doctrine of equitable estoppel does not apply such that the Vivint Defendants should somehow not be allowed to join in TriSMART's and GoodLeap's Motions to Compel Arbitration. *See generally* Brief in Opposition, Doc No. 26.

In particular, Plaintiff asserts that the two prongs in *Grigson v. Creative Artists Agency L.L.C.* that allows a nonsignatory to invoke equitable estoppel and enforce an arbitration clause against a signatory are not satisfied, including 1) "the signatory to a written agreement containing an arbitration clause must rely on the terms of the written agreement in asserting claims against the nonsignatory[;]" and 2) "when the signatory to the contract containing an arbitration clause raises allegations of substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract." *Grigson v. Creative Artists Agency L.L.C.*, 210 F.3d 524, 527 (5th Cir. 2000); *see also* Brief in Opposition, Doc No. 26, ¶ 3.38.

5

Plaintiff's claims all stem from the Purchase Agreement and Loan Agreement. Plaintiff's allegations against the Vivint Defendants are substantially interdependent on their face and clearly raise allegations of concerted misconduct with GoodLeap and TriSMART – the signatories of the Purchase Agreement and Loan Agreement. Equitable estoppel should apply.

### 1. Plaintiff did assert a breach of contract claim against Vivint related to the Purchase Agreement and Loan Agreement.

Plaintiff asserts in her Brief in Opposition that she alleges "independent tort claims against Vivint and Phillips, based on oral representations and sales conduct, separate and distinct from the 'written agreements,'" and that the claims are not rooted in the contracts. *See* Brief in Opposition, Doc No. 26 at ¶ 3.39. While this may be true, Plaintiff forgets that she also asserted a breach of contract claim.

Plaintiff did assert a breach of contract claim against Vivint related to the Purchase Agreement and Loan Agreement. The following excerpt is taken from Plaintiff's First Amended Petition (Doc. No. 1-8):

> **B. COUNT 2- Breach of Contract**
>
> 5.7   Plaintiff repleads all allegations previously set forth herein.
>
> 5.8   Plaintiff entered into Agreements (to the extent they were oral or written, enforceable or unenforceable or unconscionable) with Defendants TriSmart Solar and Vivint, as well as Defendant GoodLeap, and was controlled, enforced, and guaranteed by TriSmart and Vivint.
>
> 5.9   In addition to the Agreement with Defendant TriSmart and Vivint, numerous additional contracts were formed by virtue of Defendant TriSmart and Vivint promising to perform additional services to the solar photovoltaic system. Taken independently as multiple contracts, or collectively as a single contract which was modified numerous times by the parties. Defendants breached said contract(s) despite Plaintiff's performance of her duties arising thereunder.
>
> 5.10   Defendants' breaches of contract were material.

At this point, Vivint does not even have to argue the *Grigson* prongs because Plaintiff has alleged breach of contract claims under the Purchase Agreement and Loan Agreement. However, Vivint acknowledges that it is a nonsignatory, and will show that the *Grigson* prongs do apply to the Vivint Defendants below.

**2. Plaintiff's "non-contractual" claims are all rooted in the Purchase Agreement and Loan Agreement, and *Grigson* applies.**

To avoid arbitration, Plaintiff asserts that her claims against all defendants expand far beyond the scope of the Purchase Agreement and Loan Agreement. *See* Brief in Opposition, Doc No. 26, ¶ 3.48. Plaintiff asserts that she has alleged fraud and DTPA claims that are independent from the Purchase Agreement and Loan Agreement. However, Plaintiff has failed to show that her "non-contractual" claims are not substantially interdependent from the written agreements at issue.

The Fifth Circuit has held that a party to an arbitration agreement cannot avoid arbitration by casting their claims in tort, rather than in contract. *Grigson,* 210 F.3d at 526. Conspiracy claims have been found to be arbitrable under the *Grigson* prongs because "the claims allege substantially interdependent and concerted misconduct between [the signatory] and the nonsignatory defendants." *Amegy Bank Nat. Ass'n v. Monarch Flight II, LLC*, 870 F. Supp. 2d 441, 451 (S.D. Tex. 2012). Fraud claims that relate to the formation of a contract should be decided by an arbitrator. *Bloxom v. Landmark Pub. Corp.,* 184 F. Supp. 2d 578, 583 (E.D. Tex. 2002) ("If it relates to the formation of the entire contract, then the FAA requires that the fraud claim be decided by an arbitrator."). Likewise, deceptive trade practices claims that have a significant relationship to the contract containing the arbitration clause are also arbitrable. *Id*. at 584.

Plaintiff asserts the following in her petition:

> TriSmart, Vivint, GoodLeap, and Phillips, acted in concert to defraud Plaintiff, and in turn conspired to cause financial injury to Plaintiff via the filing of a lien on Plaintiff's home. Likewise, all

7

> Defendants conspired to conceal GoodLeap's hidden finance charges vis-a-via inflated principal amounts which were never tendered to Plaintiff's contractor(s), but was instead retained by GoodLeap to enrich itself.

*See* Plaintiff's First Amended Petition, Doc No. 1-8, ¶ 5.16.

Plaintiff also alleges that she is entitled to recover from Defendants under TBCC § 17.50(a)(3) because the Purchase Agreement and Loan Agreement were procedurally unconscionable. *Id*. at ¶ 5.4(a)-(b). Plaintiff also alleges fraud and fraud in the inducement against all Defendants. *Id*. at ¶¶ 5.12-5.15 ("Defendants TriSmart, Vivint, and GoodLeap, through its agent, Phillips, made representations to Plaintiff…"related to installation of the solar panel system and loan). The DTPA, fraud, and fraud in the inducement claims are all substantially related to Plaintiff signing the Loan Agreement and Purchase Agreement. The conspiracy claims related to the filing of the lien on Plaintiff's property stems from the terms of the Loan Agreement. The doctrine of equitable estoppel in *Grigson* still applies to these non-contractual claims because they raise allegations of substantially interdependent and concerted misconduct between the Vivint Defendants (nonsignatories) and TriSMART and GoodLeap (the signatories).

### D.  The Vivint Defendants did not waive arbitration.

"The court finds waiver 'when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party.'"  *Petroleum Pipe Americas Corp. v. Jindal Saw, Ltd.*, 575 F.3d 476, 480 (5th Cir. 2009)(quoting *Walker v. J.C. Bradford & Co.*, 938 F.2d 575, 576 (5th Cir.1991). "To invoke the judicial process, a party 'must, at the very least, engage in some overt act in court that evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration.'" *Id*. (quoting *Republic Ins. Co. v. PAICO Receivables*, LLC, 383 F.3d 341, 346 (5th Cir. 2004). If a party seeks a decision on the merits by the Court before attempting to arbitrate, it has waived arbitration. *Id*.

Plaintiff explains extensively in her Brief in Opposition that the Supreme Court has taken out the prejudice requirement to show that a party has waived arbitration. *See* Brief in Opposition, Doc No. 26, ¶¶ 3.1-3.3. Even if "prejudice" is not accounted for as argued in Plaintiff's Brief in Opposition, the Vivint Defendants have not engaged in any overt act that "evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration."

Vivint was not added to this lawsuit until Plaintiff amended her petition in state court on March 6, 2025. *See* Plaintiff's First Amended Petition, Doc No. 1-8. The very same day that the citation was issued on March 7, 2025, GoodLeap removed the case to federal court. *See* Doc No. 1. The Vivint Defendants did not file their answers until March 31, 2025. *See* Defendant Vivint, LLC's Answer to Plaintiff's First Amended Petition, Doc No. 7 and Defendant Caleb Phillips' Answer to Plaintiff's First Amended Petition, Doc No. 8. Other than filing the Joint Response to Plaintiff's late Motion to Remand (Doc No. 22), the Vivint Defendants have only filed the Motion to Join the Motions to Compel Arbitration (Doc No. 20). Even then, the Vivint Defendants filed their Motion to Join on April 24, 2025, prior to filing the Joint Response to Plaintiff's Motion to Remand on May 2, 2025. The Vivint Defendants have not engaged in any overt act that indicates a desire to resolve this matter through litigation rather than arbitration.

### III. Conclusion

For all the reasons mentioned herein, Defendants Vivint, LLC and Caleb Phillips respectfully request the Court grant their Motion to Join the Motions to Compel Arbitration (Doc. No. 20) and order such and further relief to which the Vivint Defendants are justly entitled.

Dated: June 20, 2025.

Respectfully submitted,

Frost Brown Todd LLP

By: /s/ *Richard A. Stewart*

    Richard A. Stewart
    State Bar No. 24028010
    SDTX No. 28322
    rstewart@fbtlaw.com
    1100 Louisiana Street, Suite 4300
    Houston, Texas 77002
    Telephone: (713) 590-9300
    Facsimile: (713) 590-9399

    Attorney-in-Charge for *Defendants Vivint, LLC and Caleb Phillips*

OF COUNSEL:

Ha-Vi Nguyen
Texas Bar No. 24105693
SDTX No. 3804074
hlnguyen@fbtlaw.com
Rosewood Court
2101 Cedar Springs Road, Suite 900
Dallas, Texas 75201
Telephone: (214) 545-3472
Facsimile: (214) 545-3473

*Attorney for Defendants Vivint, LLC and Caleb Phillips*

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to the Federal Rules of Civil Procedure 5(b)(2)(E) on June 20, 2025.

    /s/ *Ha-Vi L. Nguyen*
    Ha-Vi L. Nguyen

0145544.0787163   4926-0709-7676v1