IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| KASSANDRA ELEJARZA<br><br>Plaintiff,<br><br>v.<br><br>GOODLEAP, LLC, TRISMART SOLAR, LLC, CALEB PHILLIPS and VIVINT, LLC<br><br>Defendant. | Civil Action No. 7:25-cv-99 |

**DEFENDANT TRISMART SOLAR, LLC'S REPLY
TO PLAINTIFF'S RESPONSE TO TRISMART'S MOTION FOR ARBITRATION**

Comes now Defendant TriSMART Solar, LLC, and files this Reply to Plaintiff's response in opposition to TriSMART's motion for arbitration (ECF No. 26), and in support thereof would show the following:

**I.   The clear language of the arbitration agreement states that "any dispute, claim or disagreement between Customer and TriSMART" will be resolved by arbitration. Therefore, the Court should order arbitration.**

Plaintiff admits that she "entered into Agreements…with Defendants TriSMART Solar and Vivint, as well as Defendant GoodLeap" in her First Amended Petition. *See* Pl.'s First Am. Pet. 26, ECF No. 1-8. This is part of Plaintiff's claims for breach of contract. *Id.*

A copy of the arbitration agreement contained within the TriSMART contract was previously produced as ECF No. 11-1. A complete copy of the TriSMART contract, including the arbitration agreement, was previously produced as ECF No. 5-3. Even so, to the extent there are concerns with the admissibility of these prior filings, a copy of the contract with a business records affidavit is filed as Exhibit A to this Reply.

The clear terms of this contract state that, except for limited exceptions that do not apply here, "**any dispute**, claim or disagreement between Customer and TriSMART" will be resolved by arbitration. *See* Ex. A, page 20 (emphasis added). The arbitration agreement goes on to state that, except for seeking injunctive relief for irreparable harm, enforcement of an arbitrator's award, or claims in small-claims court, "CUSTOMER AND TRISMART WILL NOT HAVE THE RIGHT TO LITIGATE THAT DISPUTE IN COURT…" *Id.* at page 21. This Court should therefore order the dispute to arbitration.

**II.     Ambiguities in the agreement are "resolved in favor of arbitration." Therefore, the Court should order arbitration.**

"[W]here the contract contains an arbitration clause, there is a presumption of arbitrability." *Tittle v. Enron Corp.*, 463 F.3d 410, 418 (5th Cir. 2006) (internal citations omitted). "In determining whether the dispute falls within the scope of the arbitration agreement, 'ambiguities… [are] resolved in favor of arbitration.'" *Id.* If the Court finds any ambiguity in the underlying contract, then controlling case law requires that those ambiguities are resolved to favor arbitration.

Here, the arbitration agreement is Section XI, and the arbitration agreement refers to "this Section X" several times. Plaintiff argues that the words "Section X" should be read in isolation and that the only possible reading of this typo is that each reference is to the proceeding section regarding early termination. However, an equally reasonable reading is to take the whole of the document into account and find that the intent is that "this Section" is meant to address the Arbitration section that the phrase appears in. To the extent this is ambiguous, "ambiguities… [are] resolved in favor of arbitration." This Court should therefore order the dispute to arbitration.

**III.     Both the TriSMART and GoodLeap agreements "speak with one voice about whether to arbitrate." Therefore, even if there are procedural differences between the two contracts, the Court should order arbitration.**

Plaintiff claims, without evidence or elaboration, that the "arbitration provisions contain materially different substantive and procedural rights and duties … and [i]t is impossible for either provision to operate without being in conflict with the other." *See* Pl.'s Resp. 7, ECF No. 26.

Even assuming "the agreements differ over procedural details, they speak with one voice about *whether to arbitrate*." *Tower Loan of Miss., L.L.C. v. Willis (In re Willis)*, 944 F.3d 577, 582 (5th Cir. 2019) (emphasis in original). The 5th Circuit went on to say that "[w]e will not shut our eyes to an agreement that demonstrates a baseline intent to arbitrate just because it contains inconsistent terms about procedural minutiae." *Id*.

Here, both agreements demonstrate a baseline intent to arbitrate. Non-essential, procedural inconsistencies do not change that baseline intent. This Court should therefore order the dispute to arbitration.

**IV.     Equitable estoppel requires all of Plaintiff's claims to be arbitrated if either of the TriSMART or GoodLeap arbitration agreement is enforceable. Therefore, the Court should order arbitration.**

The theory of equitable estoppel allows for a non-signatory to an arbitration agreement to compel arbitration. There are two alternative theories for equitable estoppel. If either is shown, then equitable estoppel will apply. Here, both can be shown and are applicable.

   **a.     Plaintiff relies on the terms of the contracts in its claims, so equitable estoppel applies.**

"First, equitable estoppel applies when **the signatory to a written agreement containing an arbitration clause must rely on the terms of the written agreement in asserting its claims against the nonsignatory.**" *Grigson v. Creative Artists Agency*, LLC, 210 F.3d 524, 527 (5th Cir.

2000), cert. denied, 531 U.S. 1013 (2000) (quoting *MS Dealer Serv. Corp. v. Franklin*, 177 F.3d 942, 947 (11th Cir.1999) (internal citations and quotation marks omitted)) (emphasis added).

Here, Plaintiff alleges breach of contract against Defendants TriSMART Solar, Vivint, and GoodLeap. *See* Pl.'s First Am. Pet. 26, ECF No. 1-8. This claim references the contract between Plaintiff and TriSMART, and the contract between Plaintiff and GoodLeap, which each contain an arbitration agreement.

Plaintiff cannot have it both ways. Plaintiff "cannot, on the one hand, seek to hold the non-signatory liable pursuant to duties imposed by the agreement, which contains an arbitration provision, but, on the other hand, deny arbitration's applicability because the defendant is a non-signatory." *Grigson*, 210 F.3d at 528. Therefore, this Court should order the parties to arbitration pursuant to the agreements.

b. **Plaintiff raises claims of concerted misconduct by a signatory and nonsignatory to the contract, so equitable estoppel applies.**

"Second, application of equitable estoppel is warranted when the signatory to the contract containing an arbitration clause raises **allegations of substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories** to the contract. Otherwise the arbitration proceedings between the two signatories would be rendered meaningless and the federal policy in favor of arbitration effectively thwarted." *Id.* at 527 (emphasis added).

Here, Plaintiff alleges a conspiracy between the Defendants. *See* Pl.'s First Am. Pet. 29, ECF No. 1-8. Plaintiff specifically contends that "TriSmart, Vivint, GoodLeap and Phillips, acted in concert to defraud Plaintiff." *Id.* at 30.

Since Plaintiff "raises allegations of…concerted misconduct" by both a nonsignatory and a signatory to the arbitration agreement, this Court should order the parties to arbitration pursuant to the agreements.

**V.     No significant activity has occurred in this litigation that would waive TriSMART's ability to seek arbitration. Therefore, the Court should order arbitration.**

"There is a strong presumption ***against*** finding a waiver of arbitration, and the party claiming that the right to arbitrate has been waived bears a heavy burden" *Republic Ins. Co. v. PAICO Receivables, LLC*, 383 F.3d 341, 344 (5th Cir. 2004) (emphasis added). Plaintiff cites to case law that states "extensive discovery" including "numerous depositions and production of documents" is necessary to waive arbitration. *See Price v. Drexel Burnham Lambert, Inc.*, 791 F.2d 1156, 1159, 1162 (5th Cir.1986). The mere passage of time does not mean that a party has waived its right to arbitrate. *Tenneco Resins, Inc. v. Davy Int'l, AG*, 770 F.2d 416, 420–21 (5th Cir. 1985).

Here, nothing has occurred that would waive arbitration. Plaintiff filed suit in state court, then conducted no discovery. Both TriSMART and GoodLeap filed motions to compel arbitration in the state court.

Only after those state court arbitration motions were filed did Plaintiff amend her complaint to add new parties and a federal law cause of action, which led to the removal to Federal Court. Since arriving at this Federal Court, the only discovery has been mandatory initial disclosures and the only motions have been Plaintiff's Motion to Remand (ECF No. 18), which this Court denied, and Defendants' Motions for Arbitration (ECF Nos. 5, 11, and 20), which are currently pending.

Since there has been no activity that would waive TriSMART's ability to seek arbitration, this Court should order the parties to arbitration.

**VI.   Plaintiff's Response to GoodLeap's and TriSMART's Motions was untimely under this Court's local rules, and therefore should be "taken as a representation of no opposition."**

Separate from the substantive reasons to grant TriSMART's Motion and compel arbitration as stated above, Plaintiff's Response was untimely and thus procedurally deficient. Because of this, TriSMART's Motion should be treated as unopposed.

Pursuant to the Southern District of Texas' Civil Local Rule 7.3, "Opposed motions will be submitted to the judge 21 days from filing without notice from the clerk and without appearance by counsel."

GoodLeap filed its opposed Motion for Arbitration on March 14, 2025. Therefore, the submission day of GoodLeap's motion was April 4, 2025.

TriSMART filed its opposed Motion for Arbitration on April 10, 2025. Therefore, the submission day of TriSMART's motion was May 1, 2025.

The Civil Local Rules go on to state that "[r]esponses to motions…**must be filed by the submission day**." S.D. Tex. Civ. R. 7.4 (emphasis added).

Plaintiff did not file a response to GoodLeap's motion by April 4, 2025. Plaintiff did not file a response to TriSMART's motion by May 1, 2025. Plaintiff did not file any document requesting an extension or waiver of the Local Rules.

A "**[f]ailure to respond** to a motion **will be** taken as **a representation of no opposition**." *Id.* (emphasis added).

This Court should follow its local rules, take Plaintiff's failure to timely respond as "a representation of no opposition," and grant the Motions for Arbitration.

## VII. Conclusion

Plaintiff chose to sign an arbitration agreement with TriSMART Solar which encompassed "any dispute, claim or disagreement between Customer and TriSMART." Plaintiff should be held to her choice. This Court should enforce the TriSMART arbitration agreement and all parties should be joined into this arbitration pursuant to the theory of equitable estoppel.

Alternatively, Plaintiff chose to sign an arbitration agreement with GoodLeap. This Court should enforce the GoodLeap arbitration agreement and all parties should be joined into that arbitration pursuant to the theory of equitable estoppel.

Respectfully submitted,

**TRISMART SOLAR, LLC**

/s/ *Timothy R. Allen*
**TIMOTHY R. ALLEN**
Texas Bar No. 24092028
SDTX No. 2793089
600 Northpark Central Drive, Suite 140
Houston, Texas 77073
832-553-6304 x304
tallen@trismartsolar.com

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to the Federal Rules of Civil Procedure 5(b)(2)(E) on June 20, 2025.

/s/ *Timothy R. Allen*
**TIMOTHY R. ALLEN**