IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| KASSANDRA ELEJARZA<br><br>Plaintiff,<br><br>v.<br><br>GOODLEAP, LLC, TRISMART SOLAR, LLC, CALEB PHILLIPS and VIVINT, LLC<br>Defendants. | Civil Action No. 7:25-cv-99 |

**DEFENDANT GOODLEAP, LLC'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED PETITION PURSUANT TO
FEDERAL RULES OF CIVIL PROCEDURE 12(b)(3) AND 12(b)(1) AND
<u>MOTION TO COMPEL ARBITRATION</u>**

Defendant GoodLeap, LLC ("GoodLeap") submits its Reply in Support of its Motion to Dismiss Plaintiff Kassandra Elejarza's ("**Plaintiff's**") First Amended Petition (the "**Complaint**") pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(1) and Motion to Compel Arbitration (the "**Motion**"). For the reasons set forth below, GoodLeap respectfully requests this Court grant its Motion, dismiss Plaintiff's Complaint, and compel Plaintiff's claims to arbitration.

I. **SUMMARY OF REPLY**

1. Plaintiff makes four (4) unavailing arguments in her untimely Response to GoodLeap's Motion to Dismiss and to Compel Arbitration. Specifically, those arguments are: (i) GoodLeap is judicially estopped from compelling arbitration because it removed the case to this Court and opposed remand; (ii) the arbitration agreement is unconscionable; (iii) Plaintiff's claims sound in tort and statutory violations, not contract, so they fall outside the scope of the arbitration provision; and (iv) GoodLeap and Defendant TriSMART Solar, LLC's ("TriSMART")

1

arbitration agreements cannot both be upheld due to impossibility.[1] These arguments fail for a number of reasons—not only did Plaintiff fail to timely respond to Defendants' motion without justifying her late response with any proof of good cause or excusable neglect, but the arbitration agreement expressly delegates to the arbitrator questions regarding the enforceability of the arbitration agreement (including alleged unconscionability, scope, and potential procedural conflicts between the TriSMART and GoodLeap arbitration agreements). Accordingly, GoodLeap's Motion should be granted.

2. Because the arbitration provision is valid, enforceable, and binding, this Court should dismiss Plaintiff's claims and grant GoodLeap's motion to compel arbitration, or, in the alternative, stay these proceedings pending the outcome of arbitration.

## II.   ARGUMENT AND AUTHORITIES

### a. Plaintiff Failed to Timely File a Response and GoodLeap's Motion Should Be Granted because Plaintiff Failed to Show Good Cause or Excusable Neglect.

3. Rule 6(b) of the Federal Rules of Civil Procedure provides the Court with broad discretion to expand filing deadlines. However, a party making a request for an extension of time "after the time has expired" may only have its motion granted if the court finds that there is "good cause" and that "the [moving] party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). "Relevant factors to the excusable neglect inquiry include: the danger of prejudice to the non-movant, the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 n.8 (5th Cir. 2006) (internal citations omitted). Further, while "[a] court may consider a late filing a

---

[1] Plaintiff asserted an additional argument related to the TriSMART arbitration agreement, which GoodLeap will not address here as it understands TriSMART is responding separately.

2

'motion made' for purposes of [R]ule 6(b). . . **the party filing late still must show cause**." *Leviton Mfg. Co., Inc. v. Nicor, Inc.*, 245 F.R.D. 524, 527 (D.N.M. 2007) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 895–97 (1990)) (emphasis added).

4.  In *Lujan*, the Supreme Court found that, in order for the trial court to receive the late filing, the trial court "would have had to regard the very filing of the late document as the 'motion made' to file it; it would have to interpret 'cause shown' to mean merely 'cause,' since respondent made no 'showing' of cause at all; and finally, it would have had to find as a substantive matter that there was indeed 'cause' for the late filing, and that the failure to file on time 'was the result of excusable neglect.'" *Lujan*, 497 U.S. at 896–97.

5.  Here, GoodLeap filed its Motion to Dismiss and Compel Arbitration on March 14, 2025 (Doc. No. 5). In Plaintiff's Opposed Motion to Remand, filed April 21, 2025, Plaintiff explicitly stated that

> "**[t]his motion is not intended to serve as a response to Goodleap or TriSmart's Motions to Compel Arbitration**, inasmuch as Plaintiff disputes jurisdiction is proper in this Court and any rulings regarding arbitration could be equally raised at the state court (and they never were during nearly a year of litigation until recently when this matter was removed to the Court)."

(Doc No. 18, p. 3) (emphasis added).

6.  Plaintiff, without making any formal motion, only decided to respond to GoodLeap's Motion to Dismiss and Compel Arbitration *after* the expiration of her deadline, at the initial scheduling conference on May 6, 2025. Although the Court allowed Plaintiff thirty days to file a response to GoodLeap's Motion, it did not conduct an analysis regarding good cause or excusable neglect, and Plaintiff cannot offer any—as she states in her Opposed Motion to Remand, she affirmatively decided not to file a response to this Motion at that time. And in Plaintiff's Response filed on June 5, 2025, Plaintiff *again* made no showing—let alone a sufficient one—that

the late Response was the product of excusable neglect or supported by good cause. Without such a showing, the Court cannot and should not consider the filing. *Lujan* holds that the burden is on the untimely party to justify the delay, and absent that justification, the trial court does not abuse its discretion in disregarding the submission altogether.

7. Further, Plaintiff's repeated disregard for this Court's deadlines underscores a pattern of conduct that warrants the relief GoodLeap seeks. To date, Plaintiff has already missed two court-ordered deadlines without seeking leave or offering any justification—demonstrating a clear lack of respect for the procedural rules governing this litigation. This pattern of noncompliance not only prejudices GoodLeap but also undermines the efficient administration of this case. Accordingly, GoodLeap respectfully requests that the Court grant its pending Motion.

**b. GoodLeap has not Waived its Right to Arbitration**

*i. GoodLeap did not substantially invoke the judicial process.*

8. A waiver of a right to arbitration will only be found "when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party." *Subway Equip. Leasing Corp. v. Forte*, 169 F.3d 324, 326 (5th Cir. 1999) (internal quotations omitted). "There is a strong presumption against finding a waiver of arbitration, and the party claiming that the right to arbitrate has been waived bears a heavy burden" *Republic Ins. Co. v. PAICO Receivables, LLC*, 383 F.3d 341, 344 (5th Cir. 2004) (citing *Subway*, 169 F.3d at 329).

9. For the judicial process to be substantially invoked, "[t]he party must, at the very least, engage in some overt act in court that evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration." *Id.* (quoting *Subway*, 169 F.3d at 329). Courts have found the judicial process to be substantially invoked by conducting full-fledged discovery, taking depositions, filing multiple dispositive motions or motions in limine, and filing pretrial materials.

4937-4150-3053v.2

*Republic Ins. Co.*, 383 F.3d at 345; *Price v. Drexel Burnham Lambert, Inc.*, 791 F.2d 1156, 1159, 1162 (5th Cir. 1986). The mere passage of time does not mean that a party has waived its right to arbitrate. *Tenneco Resins, Inc. v. Davy Int'l, AG*, 770 F.2d 416, 420–21 (5th Cir. 1985) (finding a party had not waived its right to arbitrate when it waited "almost eight months before moving that the district court proceedings be stayed pending arbitration, and in the meantime participated in discovery").

10. While Plaintiff makes much ado about the fact that this litigation has been ongoing for over a year, the judicial process has not been substantially invoked. Other than the exchange of initial disclosures, discovery has been minimal, and GoodLeap has not served any discovery requests, taken any depositions, or filed any motions until its motion for removal and the instant Motion. In reality, Plaintiff failed to actively prosecute her case for more than a year, during which time the parties agreed to mediate. When mediation did not resolve the dispute, and after Plaintiff amended her petition to assert a new federal claim, GoodLeap immediately removed the case to federal court and moved to compel arbitration, recognizing that the dispute was far from resolution.

   ii. *Defendants' Removal of the Case Does Not Preclude Enforcement of the Arbitration Provision.*

11. Plaintiff's contention that Defendants are judicially estopped from compelling arbitration by removing the case to federal court and opposing remand is without merit. Merely invoking a federal forum through removal does not constitute a waiver of the right to arbitrate. As Plaintiff notes in her Response, "[w]hen a party (as Defendant GoodLeap did here) simultaneously moves to dismiss a lawsuit and in the alternative seeks to compel arbitration, generally the Fifth Circuit has not found waiver to be present" (Doc. 26 at p.10). Plaintiff claims that the Fifth Circuit's analysis is rooted in motions filed at the outset of litigation, or soon thereafter, but this is not the case. *See, e.g.*, *Keytrade USA, Inc. v. Ain Temouchent M/V*, 404 F.3d 891, 893 (5th Cir.

2005) (motion to compel arbitration filed eighteen months after the suit filed); *Walker v. J.C. Bradford & Co.*, 938 F.2d 575, 577 (5th Cir. 1991) (motion to compel arbitration filed thirteen months after suit filed).

12. Defendants removed to federal court immediately following the filing of Plaintiff's amended petition, which for the first time added a federal claim. Defendants subsequently moved to compel arbitration at the earliest practicable opportunity after removal, before engaging in any merits-based litigation, thereby preserving its right to arbitrate.

**c. The Arbitrability Issues Raised by Plaintiff Were Expressly Delegated to the Arbitrator.**

13. Issues pertaining to the making or enforcement of the arbitration agreement (such as allegations of unconscionability, waiver, etc.) are all issues of arbitrability which must be decided by the arbitrator because the arbitration agreement at issue delegates those decisions to the arbitrator. *See, e.g.*, *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68–69 (2010) ("[P]arties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy."). *See also Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 65 (2019) ("The [FAA] allows parties to agree by contract that an arbitrator, rather than a court, will resolve threshold arbitrability questions as well as underlying merits disputes.").

14. Here, the arbitration agreement provides: "The arbitrator shall also decide any issues relating to the making, validity, enforcement, or scope of this arbitration agreement, arbitrability, defenses to arbitration including unconscionability, or the validity of the jury trial, class action or representative action waivers (collectively, "arbitrability" issues)." Exhibit A-1 to GoodLeap's Motion (Doc. 5-2, p. 8).

15. "When faced with [a delegation provision], courts have no discretion but to compel arbitration unless the clause's validity is challenged on legal or public policy grounds." *Parr v. Stevens Transport, Inc.*, No. 3:19-CV-2378, 2020 WL 2200858, at *4 (N.D. Tex. May 5, 2020) (quoting *RSL Funding, LLC v. Newsome*, 569 S.W.3d 116, 121 (Tex. 2018)); *see also Rent-A-Ctr., W., Inc.*, 561 U.S. 63 at 70 ("[A] party's challenge. . . to the contract as a whole[] does not prevent a court from enforcing a specific agreement to arbitrate."); *Hearn v. Uber Tech., Inc.*, No. H-21-3465, 2022 WL 20691054, at *7 (S.D. Tex. May 27, 2022) ("Because Plaintiff does not challenge the delegation provisions specifically, the Court must treat the delegation provisions as valid and leave any challenge to the validity of the arbitration agreements as a whole for the arbitrator."); *Arnold v. Homeaway, Inc.*, 890 F.3d 546, 554 (5th Cir. 2018) ("[I]n the absence of a challenge specifically to a delegation clause, validity challenges must be sent to an arbitrator.").

16. Here, Plaintiff raises multiple arbitrability issues related to allegations of unconscionability and scope—not claims that challenge the arbitration or delegation provisions specifically. Therefore, the Court is required to compel arbitration and permit the arbitrator the opportunity to resolve the issues of arbitrability.

**d. The Defendants' Arbitration Agreements Only Differ Procedurally, If At All, and it is for the Arbitrator to Resolve Inconsistent Procedural Terms.**

17. Plaintiff makes one conclusory statement at the beginning of her Response that both the TriSMART and GoodLeap "arbitration provisions contain materially different substantive and procedural rights and duties. . . and [i]t is impossible for either provision to operate without being in conflict with the other" (Doc. 26 at p. 7). Plaintiff fails to expound on this statement as to exactly how the provisions would conflict with the other and thus has waived this argument. Further, the Fifth Circuit has stated that, even when conflicting arbitration agreements may "differ over procedural details, they speak with one voice about *whether to arbitrate*." *Matter of Willis*, 944

F.3d 577, 582 (5th Cir. 2019). If there is a delegation clause, the court must "ask only whether the parties 'evince[d] an intent to have the arbitrator whether a given claim must be arbitrated. . . .' Hence it is for the arbitrator—not [the court]—to decide whether [the claim] is arbitrable." *Id.* at 583. "It is similarly the arbitrator's province to resolve the inconsistent procedural terms." *Id.*

18. Accordingly, this Court should Grant GoodLeap's Motion and leave any potential conflicting procedural issues between the two arbitration agreements to the arbitrator.

### III. CONCLUSION & PRAYER

For the foregoing reasons, GoodLeap respectfully requests that this Court dismiss Plaintiff's Original Petition and compel arbitration, or, in the alternative, stay these proceedings pending the outcome of arbitration.

Dated: June 20, 2025

Respectfully submitted,

By: */s/ Earl L. Ingle*
**James R. Ray, III**
Texas Bar No. 24079746
SDTX Federal ID No. 1487531
MUNSCH HARDT KOPF & HARR, P.C.
1717 West 6th Street, Suite 250
Austin, Texas  78703
Telephone:  512.391.6100
Facsimile:  512.391.6149
jray@munsch.com

**Earl L. Ingle**
Texas Bar No. 24097234
SDTX Federal ID No. 3219597
MUNSCH HARDT KOPF & HARR, P.C.
700 Milam Street, Suite 800
Houston, Texas 77002
Telephone:  713.222.1470
Facsimile:  713.222.1475
eingle@munsch.com

**ATTORNEYS FOR GOODLEAP, LLC**

4937-4150-3053v.2

## CERTIFICATE OF SERVICE

  Pursuant to Rule 5 of the Federal Rules of Civil Procedure, the undersigned counsel for the Defendants certify the foregoing document has been filed with the Court and served upon all known counsel of record via the Court's electronic filing and/or e-mail on June 20, 2025:

Jason Palker  
PALKER LAW FIRM, PLLC  
4428 S. McColl Rd.  
Edinburg, Texas 78539  
service@palkerlaw.com  
***Attorney for Plaintiff***

D. Joe Griffin  
d.joe.griffin@gmail.com  
***General Counsel for TriSMART Solar, LLC***

         */s/ Earl L. Ingle*  
         Earl L. Ingle

4937-4150-3053v.2